# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cr-121-RLH-PAL |
| ) | |
| vs. ) | **O R D E R** |
| ) | (Motion for Modification–#45) |
| PATRICK MONWELL JACKSON, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Jackson's **Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Guideline Amendment No. 750)** (#45, filed March 20, 2012). The Motion seeks modification or reduction of Defendant's sentence pursuant to the Amendment 750 modification of the Sentencing Guidelines regarding reduction of the Guidelines for crack-cocaine offenses. The Federal Public Defender was appointed as counsel, but filed notice that no supplement to the *pro se* motion would be filed. The Government filed an Opposition (#48), but no Reply was forthcoming.

The Motion will be denied.

A career offender whose guideline range is derived from U.S.S.G. §4B1.1 is not eligible to receive a reduction based on 18 U.S.C. §3582(c)(2) or Amendment 750. Accordingly, Defendant Jackson is ineligible because his guideline range did *not* rest on U.S.S.G. §2D1.1 (the "crack quantity" guideline that Amendment 750 lowered in November 2011).

Pursuant to the uncontested findings in the Presentence Investigation Report ("PSR"), dated April 15, 2009, Jackson was a career offender, based on his prior convictions for other drug

1 | trafficking offenses. PSR at 11, para.31 (first qualifying controlled substance conviction), at 11-12,
2 | para.32 (second qualifying controlled substance conviction).  Applying Section 4B1.1's enhance-
3 | ments, the PSR thus calculated that Jackson's Adjusted Offense Level was 34 (PSR at 8, para.24);
4 | that his Total Offense Level (reduced for timely "acceptance of responsibility") was 31; that his
5 | Criminal History was Category VI (PSR at 17, para.42); and, that his resulting guideline imprison-
6 | ment range was 188-225 months.  PSR at 28, para.95; *see also*, Statement of Reasons attached to the
7 | Judgment in a Criminal Case (#41, filed June 16, 2009) (on the first page of the Statement of
8 | Reasons, this Court "adopt[ed] the presentence investigation report without change," and calculates
9 | Total Offense Level 31; Criminal History Category VI' and "imprisonment range" of 188-235
10 | months).

11 |       Because Jackson's guideline range derived from Section 4B1.1 (the unaffected career
12 | offender guideline), not Section 2D1.1 (the subsequently-amended crack quantity guideline), the
13 | precedent precludes any reduction in this case.  *See United States v. Wesson*, 583 F.3d 728, 731-32
14 | (9th Cir. 2009) (no discretion to reduce sentence of "career offender" because his guideline range and
15 | sentence are not affected by crack amendments).

16 |       The fact that this Court gave Jackson a downward variance from 188 months'
17 | imprisonment (i.e., the low-end of his sentencing range) to 120 months' imprisonment does not alter
18 | the fact that his sentence was stilled *based on* U.S.S.G.§4B1.1.  Therefore, he is ineligible to receive a
19 | further reduction pursuant to 18 U.S.C. §3582(c)(2) and/or Guideline amendment No. 750.

20 |       IT IS THEREFORE ORDERED that Defendant Jackson's **Motion for Modification**
21 | **or Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Guideline Amendment No. 750)**
22 | (#45) is DENIED.
23 |       Dated; May 10, 2012.
24 |
25 |                                           _____
26 |                                             **Roger L. Hunt**
                                            **United States District Judge**